# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:14-CR-00185-T-23MAP

GEORGE CHALLITA, et al
_____/

## DEFENDANT GEORGE CHALLITA'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Defendant George Challita ("Challita") files his written objections to the Magistrate's Report and Recommendation ("R&R"), Doc. 285. In his motion to suppress Challita moved to exclude from trial all evidence seized from three storage units in Orange, California.[1] The Magistrate has recommended that Challita's motion to suppress be denied.

Undersigned counsel for Challita notes that co-defendant, Ali Khateeb, has filed an objection to the Magistrate's R&R on the search of the email information from Khateeb.[2] The Khateeb objection goes into great detail regarding the legal and factual background of the case. Although Challita did not have standing to join in this motion to suppress the emails by Khateeb, Challita moves to adopt and join in the arguments made by Khateeb that apply to his motion.

As the Magistrate noted in his R&R, "Almost all of their complaints (Challita & Khateeb) about these affidavits are alike – each lacked probable cause, each included stale information, and each omitted material information as to whether the scientific community, and

---

[1] Challita's motion to suppress filed by prior counsel is at Doc. 182 and the Government's response is at Doc. 212.

[2] Doc. 289.

the Drug Enforcement Administration in particular, considered AM-2201 an analogue of JWH-018." Therefore, Challita moves to adopt the following arguments of his co-defendant Khateeb: the lack of probable cause to obtain the warrant; the lack of a showing of *mens rea* in the affidavit; that the allegations in the warrant were stale; that the search warrant omitted material information; and that the good faith exception does not apply. Each of these argument are set forth in great detail in Khateeb's objection to the R&R.

Challita argues that the search warrant affidavit for the California storage units failed to establish the necessary substantial basis to believe probable cause of a crime existed. Under the totality of the circumstances present in the affidavit, it can not be shown that Challita had the intent necessary to violate the Analogue act. As *McFadden v. United States*, 135 S. Ct. 2298, 2304 (2015) recognized, a showing of *mens rea* is critical to establishing an analogue offense under federal law. Challita, thus, argues that because the search warrant affidavit contained no allegations that would tend to show that he acted with the requisite *mens rea*, it failed to establish probable cause.

Although Challita concedes in this objection that his factual statement in his motion to suppress regarding the length of time between the surveillance used to establish probable cause and the application of the warrant was erroneous, Challita nonetheless continues to assert that the information was stale. As noted by Khateeb, there is no particular rule or time limit for when information becomes stale. *See United States v. Bervaldi*, 226 F.3d 1256, 1265 (11th Cir. 2000).

In addition, the search warrant was deficient because it failed to disclose material information within the Government's knowledge that (1) tends to negate the premise that Challita knew AM-2201 was an analogue; and (2) showed that the events it described were stale.

2

Challita argues that the affiant of the search warrant affidavit did not disclose the significant disagreement within the scientific community, including within the DEA itself, regarding the issue of substantial similarity in chemical structure and pharmacological effects between AM-2201 and JWH-018. As Khateeb forcefully argues in his objection, the existence of this scientific disagreement was material both to the magistrate's determination of whether the Government had established that there was probable cause to believe that AM-2201 is an analogue, and to whether there was probable cause to believe that Challita acted with knowledge that it was an analogue.

Challita also asserts that the good faith exception does not apply in this case. As Khateeb notes, the R&R does not appropriately address the *Leon* factors[3] – namely that both the first and third of the Leon factors are at issue here: (1) where the magistrate in "issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth;" and (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Should this Court find that the search warrant for the California storage units was deficient, then it should also find that the *Leon* good faith exception does not apply.

WHEREFORE Defendant Challita requests that this Court sustain this objection to the R&R of the Magistrate Judge and for other such relief as deemed just and equitable.

---

[3] *United States v. Leon*, 468 U.S. 897 (1984).

Respectfully Submitted,

S/ Nicholas G. Matassini
Nicholas G. Matassini, Esquire
Florida Bar Number: 737704
ngm@matassinilaw.com
The Matassini Law Firm, P.A.
2811 W. Kennedy Blvd.
Tampa, Florida 33609
Telephone (813) 879-6227
Facsimile (813) 873-2209
Counsel for Defendant Challita

CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2015 a copy of the foregoing objection was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

Dated : August 18, 2015.

S/ Nicholas G. Matassini
Nicholas G. Matassini, Esquire
Florida Bar Number: 737704
Counsel for Defendant Challita